UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 07cv4424 (DSD/SRN)

Birchell Gray,

    Plaintiff,

v.                                              ORDER

Four Oak Court Associations,
Inc. et al.,

    Defendants.

This matter came before the court on November 1, 2007, upon plaintiff's motion for a temporary restraining order. Plaintiff appeared through counsel. Based upon a review of the file, record and proceedings herein, plaintiff's motion for a temporary restraining order is **granted**.

Plaintiff Birchell Gray ("Gray") is the owner of property located at 3134 Farnum Drive, Eagan, Minnesota – legally described as Lot 3, Block 2, Coachman Land Company 3rd Addition, Dakota County, Minnesota ("the property"). Due to outstanding association and other fees, defendant Four Oaks Court Association, Inc. ("FOCA") foreclosed on the property in April 2007. Defendant Richard D. Kampa is an attorney with defendant law firm Peterson, Engberg & Peterson and represented FOCA in the foreclosure proceedings. On May 2, 2007, FOCA bought the property at a sheriff's sale held to satisfy the lien on the property. Under the terms of the foreclosure sale, Gray was given until November 2, 2007, to redeem his interest in the property. On October 30, 2007,

Gray filed a motion for a temporary restraining order to stay enforcement of the November 2 redemption deadline.

A temporary restraining order is an extraordinary remedy. See Watkins Inc., v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The court considers four familiar factors in determining whether a temporary restraining order should issue: (1) is there a substantial threat that the movant will suffer irreparable harm if relief is not granted, (2) does the irreparable harm to movant outweigh any potential harm that granting a preliminary injunction may cause the non-moving parties, (3) is there a substantial probability that the movant will prevail on the merits and (4) what action is in the public interest. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The court balances the equitable nature of all four factors to determine whether a temporary restraining order is warranted. Id. at 113; Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1041 (8th Cir. 2003).

Upon consideration of the four Dataphase factors and the avowed interest of all parties[1] in maintaining the status quo, the court grants plaintiff's motion for a temporary restraining order.

---

[1] Although not present for the hearing, Gray's counsel and the court each contacted defendants' counsel, who stipulated to the propriety a temporary restraining order in the interest of maintaining the status quo.

2

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff Birchell Gray's motion for a temporary restraining order [Doc. No. 8] is granted.

2. The period of redemption arising from the May 2, 2007, sheriff's sale of the property is stayed until further order of the court.

3. The parties shall appear before the court to argue the merits of a preliminary injunction on Friday, November 30, 2007, at 11:00 a.m.

4. Defendants shall respond to plaintiff's motion by Friday, November 23, 2007.

5. Plaintiff shall reply to defendants' response by Thursday, November 29, 2007.

6. Plaintiff shall post a bond of $500.00 pursuant to Federal Rule of Procedure 65 to secure the temporary restraining order.

Dated: November 1, 2007

                                             s/ David S. Doty
                                             David S. Doty, Judge
                                             United States District Court