UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4424(DSD/SRN)

Birchell Gray,

        Plaintiff,

v.                                                          **ORDER**

Four Oak Court Association,
Inc., Richard Kampa and
Peterson, Engberg & Peterson,

        Defendants.


    Richard M. Carlson, Esq. and Morris Law Group, P.A., 8300
    Norman Center Drive, Suite 710, Bloomington, MN 55437,
    counsel for plaintiff.

    John G. Engberg, Esq., Mark W. Bay, Esq., Richard D.
    Kampa, Jr., Esq. and Peterson, Engberg & Peterson, 400
    Second Avenue South, Suite 700, Minneapolis, MN 55401,
    counsel for defendants.


    This matter came before the court on November 30, 2007, upon plaintiff's motion for a preliminary injunction. Plaintiff and defendants appeared through counsel. Based upon a review of the file, record and proceedings herein, plaintiff's motion for a preliminary injunction is granted.

    Plaintiff Birchell Gray ("Gray") is the owner of property located at 3134 Farnum Drive, Eagan, Minnesota - legally described as Lot 3, Block 2, Coachman Land Company 3rd Addition, Dakota County, Minnesota ("the property"). Due to outstanding association and other fees, defendant Four Oaks Court Association, Inc.

("FOCA") foreclosed on the property in April 2007.  Defendant Richard D. Kampa is an attorney with defendant law firm Peterson, Engberg & Peterson and represented FOCA in the foreclosure proceedings.  On May 2, 2007, FOCA bought the property at a sheriff's sale held to satisfy the lien on the property.  Under the terms of the foreclosure sale, Gray was given until November 2, 2007, to redeem his interest in the property.  On October 30, 2007, Gray filed a motion for a temporary restraining order to stay enforcement of the November 2 redemption deadline.  The court granted that motion and set November 30, 2007, as the date for consideration of converting the temporary restraining order into a preliminary injunction.

A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of the injunction is on the movant.  See Watkins Inc., v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).  The court considers four familiar factors in determining whether a temporary restraining order should issue: (1) is there a substantial threat that the movant will suffer irreparable harm if relief is not granted, (2) does the irreparable harm to movant outweigh any potential harm that granting a preliminary injunction may cause the non-moving parties, (3) is there a substantial probability that the movant will prevail on the merits and (4) what action is in the public interest.  Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  The court

balances the equitable nature of all four factors to determine whether a temporary restraining order is warranted.  Id. at 113; Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1041 (8th Cir. 2003).

Upon consideration of the Dataphase factors, the court finds that plaintiff has demonstrated a sufficient likelihood of success on the merits, that the threat of irreparable harm to plaintiffs greatly outweighs any potential harm to defendants and that there is a significant public interest in maintaining home ownership. Accordingly, in the continuing interest of maintaining the status quo, the court grants plaintiff's motion for a preliminary injunction until the time of trial or other resolution of this matter.

Therefore, **IT IS HEREBY ORDERED** that:

1.   Plaintiff Birchell Gray's motion for a preliminary injunction [Doc. No. 8] is granted.

2.   The period of redemption arising from the May 2, 2007, sheriff's sale of the property is stayed until further order of the court.

3.   The parties shall contact Magistrate Judge Susan R. Nelson to schedule a mediation conference at the earliest possible date.

Dated:  November 30, 2007

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court